BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KASSANDRA MCGRADY, IDAHO STATE BAR NO. 8455
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN SCHMIDT,<br><br>Defendant. | Case No. 1:19-cr-00293-DCN<br><br>**RULE 11 PLEA AGREEMENT** |

## I.    GUILTY PLEA

A.    **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to Count Two of the Indictment, which charges the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The Government will dismiss Count One of the Indictment. The Defendant will also admit the asset forfeiture allegation in the Indictment.

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this agreement, the Government, will dismiss, under Federal Rule of Criminal Procedure 11(c)(1)(A), Count One of the Indictment and under Federal Rules of Criminal Procedure 11(c)(1)(B), will recommend a sentence within the guideline range.

B.    **Oath.** The Defendant will be placed under oath at the plea hearing. The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

## II.    WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense(s) charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant. If the Court accepts the Defendant's guilty plea, there will be no trial.

## III.   NATURE OF THE CHARGES

**A.**     **Elements of the Crime.** The elements of the crime of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), as charged in Count Two of the Indictment, are as follows:

1.     The Defendant knowingly possessed any matter that contained an image of child pornography, as defined in Title 18 United States Code Section 2256(8)(A);

2.     That such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

3.     The Defendant knew that such items constituted child pornography.

"Child Pornography" is defined in 18 U.S.C. § 2256(8)(A) as "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."

"Sexually Explicit Conduct" is defined in 18 U.S.C. § 2256(2)(A) as "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

**B.** **Factual Basis.** The Defendant admits the following facts are true:

Between January 22, 2019 and January 26, 2019, a user at an IP address assigned to a residence in Boise, Idaho distributed several computer-generated images of child pornography to a law enforcement computer using the BitTorrent peer to peer file-sharing network. The computer-generated images included depictions of prepubescent children under the age of twelve years engaged in sexually explicit conduct and depictions of children being subjected to sadistic and masochistic abuse. At the time that the computer-generated images of child pornography were distributed to the law enforcement computer, the Defendant was the subscriber of the IP address that was used to distribute the images.

On August 15, 2019, the Honorable Candy W. Dale, United States Magistrate Judge, signed a search warrant authorizing a search of the Defendant's residence in Boise, Idaho for evidence of the distribution and possession of child pornography. Members of the Internet Crimes Against Children (ICAC) Task Force served the search warrant on August 21, 2019. Officers located the Defendant at the premises and the Defendant agreed to an interview. During the interview, the Defendant admitted to viewing child pornography at his residence in Boise off and on for a couple of years. The Defendant also admitted to reading erotic stories about children involved in sexual conduct and to viewing computer-generated images of child pornography. The Defendant disclosed that he had masturbated to images of child pornography and said that he had images of child pornography on his electronic devices. The Defendant acknowledged that he had downloaded computer-generated images of child pornography through the BitTorrent peer to peer file sharing network. The Defendant admitted knowing that the files he downloaded from the peer to peer network would be made available for other users on the network to download.

During the execution of the search warrant, the ICAC seized several electronic devices belonging to the Defendant including over 150 CDs/DVDs and a Seagate Hard Drive, Model

Number ST1500DM003, Serial Number W240S20M. On the CDs and DVDs, the ICAC located approximately 120 videos of child pornography and 11 images of child pornography. On the Seagate Hard Drive, the ICAC located over 500 images of computer-generated child pornography. Both the child pornography videos and the computer-generated images of child pornography included depictions of prepubescent children and children being subjected to sadistic and masochistic abuse. The ICAC also seized and searched a Seagate Hard Drive, Serial Number 5QJ0FWNF, which contained erotic stories about children involved in sexual acts and a Seagate Hard Drive, Serial Number WXN1A71S3458, which contained evidence indicating child pornography had been accessed on the device. Given the prevalence of child pornography and computer-generated child pornography found on the examined devices, the Defendant agrees there is a factual and legal basis for forfeiture of all of the items listed in the forfeiture section of this Agreement.

The ICAC submitted the files collected during the investigation to the National Center for Missing and Exploited Children (NCMEC) for victim identification. NCMEC identified 21 videos and 8 images as depicting known child victims from 25 separate series of known child pornography files. The Defendant admits he knowingly possessed more than 600 images of child pornography and computer-generated images of child pornography, including depictions of prepubescent children and children subjected to sadistic and masochistic abuse. The Defendant admits that he obtained the child pornography files and computer-generated child pornography files through the internet, a facility of interstate commerce.

## II. SENTENCING FACTORS

A. **Penalties.** The crime of Possession of Child Pornography, as charged in Count Two, is punishable by:

1. a term of imprisonment of not more than twenty years;

2. a term of supervised life of not less than five years and up to life;

3. a maximum fine of $250,000, and a special assessment of $5,100.

**B.** **Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to its length.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the Defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and prosecution.

**C.** **Fines and Costs.** The Court may impose a fine. No agreement exists as to its amount of the fine. The Court may also order the Defendant to pay the costs of imprisonment, probation, and supervised release.

**D.** **Special Assessment.** The Defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing. Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724

**E.** **Restitution.** In addition to paying any forfeiture, fine, and costs imposed, the Defendant also agrees to pay restitution equal to the full amount of loss caused to any victim. The Defendant agrees that any child depicted in any image that he possessed, as identified by the National Center for Missing and Exploited Children (NCMEC) or otherwise, shall be considered a victim for the purposes of 18 U.S.C. § 2259(c). The Defendant agrees that all monetary penalties imposed by the Court, including restitution, will be due immediately and can immediately be enforced by the Government (whether through 18 U.S.C. § 3613 or otherwise). The Defendant agrees that the payment schedule or plan is neither the only method, nor a limitation on the methods, available for enforcing the judgment. It is simply a schedule or plan for minimum payments. The Defendant is aware that voluntary payment of restitution prior to

adjudication of guilt is a factor the Court can consider if the Defendant has accepted responsibility under U.S.S.G. § 3E1.1.

**F.** **Forfeiture.** The Court will enter a forfeiture order as part of the Defendant's sentence. The Defendant will immediately forfeit to the Government the property set out in: this agreement, the charging document to which the Defendant is pleading, and any Bill of Particulars. Defendant agrees that those documents provide statutory authority for forfeiture.

Additionally, Defendant agrees to forfeit the following.

1.     Seized Property.

a.     Thumb Drive Bottle Opener (hp.boise.com, blue print) (Attorney General Item # 4).

b.     Apple iPad, Serial Number DMPYDFU5LMPL (Attorney General Item # 5)

c.     Western Digital External Hard Drive, Serial Number WCC7K5ZCV550 (Attorney General Item # 6).

d.     Seagate USB Pocket Drive, Serial Number WX51A13F7346 (Attorney General Item # 7).

e.     iPhone 6s, Silver (Attorney General Item # 9).

f.     Apple Watch 4 with turtle shell band (Attorney General Item # 10).

g.     Western Digital Easy-Store External Hard Drive, Serial Number 7SJPSKTW (Attorney General # 11).

h.     Seagate Hard Drive with enclosure, Serial Number S5101GK1 (Attorney General Item # 12).

i.     Apple iPod 8 GB Chrome Back (Attorney General Item # 13).

j.     Apple iPad 32GB (Attorney General Item # 14).

k.  Apple iPhone 5S (Attorney General Item # 15).

l.  Miscellaneous Discs in a CD Case Holder (Attorney General Item # 18)

m.  Hard Drive Adapter with a micro SD card inserted (Attorney General Item # 19).

n.  Samsung Galaxy Note Cell Phone with micro SD card inserted, Serial Number R21D32SWGNX (Attorney General Item # 20).

o.  Seagate Internal Hard Drive, Serial Number Z3T7F94V (Attorney General Item # 21).

p.  Seagate Internal Hard Drive, Serial Number 9VP5MD55 (Attorney General Item # 22).

q.  Western Digital Internal Hard Drive, Serial Number WCASUS729428 (Attorney General Item # 24).

r.  Seagate Internal Hard Drive, Serial Number 9QE7DP3J (Attorney General Item # 25).

s.  Generic USB Thumb Drive (Attorney General Item # 26).

t.  Black Samsung box of 5 laptop drives (Attorney General Item # 27A-E).

u.  Western Digital 2 TB loose Internal Hard Drive, Serial Number WMC160D7340V (Attorney General Item # 28).

v.  Loose 500 GB Internal Hard Drive, Serial Number 9QM608 4A (Attorney General Item # 29).

w.  Blue USB Pocket Drive, Serial Number NA9F29DV (Attorney General Item # 32).

x.　Apple Macbook Air, Serial Number C02DWDUPDDR1 (Attorney General Item # 33).

y.　iPad mini in brown case (Attorney General Item # 34).

z.　Amazon Kindle (Attorney General Item # 35).

aa.　ASUS Tablet (Attorney General Item # 36).

bb.　Cooler Master Mid Tower PC, Serial Number RC690KKN11090700600 (Attorney General Item # 37).

cc.　Dell Power Edge 1900, Serial Number JK70XG1 (Attorney General Item # 38).

dd.　AEE Body Cam (Attorney General Item # 41).

ee.　Two (2) 35mm Camera (Pentax Akira) W/ roll 35mm film (Attorney General Item # 42).

ff.　4 floppy discs and 2 CDs (Attorney General Item # 43).

gg.　Seagate Hard Drive, Model Number ST1500DM003, Serial Number W240S20M (Attorney General Item # 44).

hh.　Seagate Hard Drive, Serial Number 5QJOFWNF (Attorney General Item # 45b).

ii.　Seagate Hard Drive, Serial Number 9VP5R1A (Attorney General Item # 45c).

jj.　12 Optical Discs as iTunes Backups (Attorney General Item # 46).

kk.　Toshiba book-end Hard Drive, Serial Number 54S1K1EFFSAA (Attorney General Item # 47).

ll.　HP Omni Book, Serial Number TW50803318 (Attorney General Item # 48).

mm. IBM ThinkPad (Attorney General Item # 49).

nn. HP Pavillion Laptop, Serial Number CND6300BZJ (Attorney General Item # 50).

oo. Dell Laptop, Serial Number 65RFVG1 (Attorney General Item # 51).

pp. Gateway Laptop, Serial Number T3B74N1024373 (Attorney General Item # 52).

qq. 9 Laptop Internal Hard Drives (Attorney General Item # 53A-I).

rr. Toshiba Tablet, Serial Number 9E041485 (Attorney General Item # 54).

ss. White shattered iPdad, Serial Number DMPNVR35G5VT (Attorney General Item # 55).

tt. Samsung Tablet, Serial Number RF2F50XD57E (Attorney General Item # 56).

uu. Apple Laptop, Serial Number QT0420LVK34 (Attorney General Item # 57).

vv. 2 Western Digital Hard Drives (Attorney General Item # 60).

ww. ASUS Black Laptop, Serial Number CBN0A9KRR0EC473 (Attorney General Item # 61).

xx. 3 loose Hard Drives (Attorney General Item # 63).

yy. 9 CD's (Attorney General Item # 64).

zz. HP Laptop, Serial Number 5CD54856MF (Attorney General Item # 65).

aaa. Dell Mini Tower, Serial Number B6SRM81 (Attorney General Item # 66).

bbb. ASUS ROG Laptop, Serial Number N13219 (Attorney General Item # 67).

ccc. CDR case with multiple CDs/DVDs (Attorney General Item # 68).

2.    Forfeiture Money Judgment for Unrecovered Property. The Court may impose forfeiture of a monetary sum, or money judgment, equivalent to unrecovered property including unrecovered proceeds of the offense of conviction obtained and controlled by the Defendant, property derived from or traceable to such proceeds, and/or unrecovered property the Defendant used to commit or facilitate the offense, as authorized by applicable statutes.

3.    Substitute Assets Up To the Value of Unrecovered Property Subject to Forfeiture. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the Defendant agrees to forfeit substitute assets, or any other property of the Defendant up to the value of any unrecovered property subject to forfeiture. Post-sentencing forfeiture of substitute assets does not entitle the Defendant to resentencing.

4.    Defendant makes the following additional agreements and waivers related to forfeiture.

a.    Regarding the above property, the Defendant: (a) is the sole owner, unless otherwise set out herein; (b) hereby withdraws any claims filed in any administrative or civil forfeiture proceeding; (c) agrees to assist fully in the forfeiture and to take all steps necessary to pass clear title to the Government; (d) will testify truthfully in any forfeiture proceeding and will not assist a third party in asserting a claim; (e) agrees to administrative or civil forfeiture, or abandonment, if the Government does not pursue criminal forfeiture; and (f) agrees that variations or errors in serial numbers or property descriptions shall not affect forfeiture.

b.      Forfeiture is separate from all other penalties, including fines and restitution.  As with other penalties, the Court will determine forfeiture at sentencing.  Any stated or pleaded forfeiture amount is an "at least" amount and the Court may impose greater or additional forfeitures.  The Defendant waives requirements regarding notice and pronouncement of forfeiture, including:  (a) in charging documents, (b) at the change of plea hearing, (c) at sentencing, and (d) in the judgment.  See FED. R. CRIM. P. 11(b)(1)(J), 32.2, and 43(a).

c.      The Defendant waives all challenges and objections, on any grounds, to any forfeiture in accordance with this agreement.  If this agreement is withdrawn for any reason, the Defendant waives the right to contest all administrative and civil forfeitures that began before the withdrawal.  The Defendant agrees to hold the United States, its agents, and employees harmless from any claims related to seizures or forfeiture in this case or the related investigation.  The forfeiture provisions of this agreement will survive the Defendant's death and bind the Defendant's heirs, successors and assigns until forfeiture is fully collected.  Any forfeited property directed to victims shall not be returned even if Defendant's conviction is overturned or abated.

d.      The District Court shall retain jurisdiction to consider and rule on forfeiture and related issues, unless a higher Court directs otherwise.

## III.     SEIZED PROPERTY: ABANDONMENT AND WAIVER

The Defendant abandons, releases, and waives any interest in property seized or otherwise obtained by the Government or law enforcement in this case unless specific exceptions are noted in this agreement.  Such property will be disposed of, destroyed, sold, or transferred in the Government's sole discretion.  Such disposition shall not constitute satisfaction of any assessment, fine, restitution, forfeiture, cost of imprisonment, or any other penalty that this Court may impose.

## IV. UNITED STATES SENTENCING GUIDELINES

**A.** **Application of Sentencing Guidelines.** The Court must consider the U.S.S.G. in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to U.S.S.G. § 1B1.3.

The Court is not a party to this agreement and the agreement does not bind the Court's determination of the U.S.S.G. range. The Court will identify the factors that will determine the sentencing range under the U.S.S.G. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

**B.** **Sentencing Guidelines Recommendations and Requests.**

1. **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this agreement.

2. **Acceptance of Responsibility.** If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the

Defendant fails to meet U.S.S.G. § 3E1.1's criteria, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

3. **Stipulation Regarding Sentencing Guidelines.** The defendant understands that the USSG apply in an advisory manner and are not binding on the court. The parties agree that the following sentencing guidelines sections apply to this case: USSG §§ 2G2.2(a)(1) (base offense level), (b)(2) (material involving a prepubescent minor), (3)(F) (distribution of images), (b)(4) (sadistic or masochistic material), (b)(6) (use of a computer), and (b)(7)(D) (600 or more images). In exchange for the concessions made by the government, including its agreement to dismiss Count One of the Indictment, the Defendant agrees not to seek a downward departure or variance based upon the argument that there is a lack of empirical evidence to support the recommendations of USSG § 2G2.2.

4. **Joint Recommendations.** The parties recommend the following terms of the Defendant's sentence:

a. **Psycho-Sexual Assessment.** The Defendant will arrange and submit to a sex offender evaluation pursuant to 18 U.S.C. § 3552(b) before sentencing in this case. The Defendant must secure this evaluation from a mental health professional certified by the Idaho Sex Offender Classification Board (*see* http://somb.idaho.gov/pdf/evaluator_roster.pdf), excluding Dr. Chad Sombke. The evaluation shall follow the format for psychosexual evaluations set forth by the Idaho Sex Offender Classification Board and the Practice Standards and Guidelines for Members of the Association for the Treatment of Sexual Abusers (ATSA). The Defendant agrees to submit to all evaluation procedures at the direction of the treatment provider, including phallometry and polygraph testing if the treatment provider deems them necessary.

b. **Waiver of Confidentiality.** The Defendant waives any right to confidentiality and agrees to allow the provider conducting the psychosexual evaluation (and any

subsequent treatment) to supply written reports to the U.S. Probation Office, the Court, and the Government.

        c.      **Contact with Minors**. The Defendant may not have direct or indirect contact with minors, children under the age of eighteen, unless approved in advance, in writing, by his probation officer.

        d.      **Access to Minors**. The Defendant will not reside or loiter within 300 feet of schoolyards, playgrounds, arcades or other places, establishments and areas primarily frequented by minors unless approved in advance, in writing, by his probation officer.

        e.      **Occupational Restriction**. The Defendant may not engage in any paid occupation or volunteer service that exposes him either directly or indirectly to minors, unless approved in advance, in writing, by his probation officer.

        f.      **Restriction on Computer/Internet Use**. The Defendant may not possess or use a computer or other electronic device connected to the internet unless approved in advance, in writing, by his probation officer.

        g.      **Possession of Sexually Explicit Matter Involving Minors**. The Defendant will not possess any child pornography or obscenity, or sexually explicit visual or text (written) material involving minors.

        h.      **Polygraph Testing**. The Defendant will participate in polygraph testing to monitor his compliance with supervised release and treatment conditions, at the direction of his probation officer and/or treatment staff.

        i.      **Post-Incarceration Treatment**. The Defendant will successfully complete any course of treatment related to his offense, as directed by his probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy under the direction of a qualified mental health professional who is experienced in treating and managing sexual

offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA). The Defendant will follow the rules of the treatment program as if they are the orders of the Court.

j.      **Search Provision.** The Defendant will be subject to a search of his person, home or vehicle, and any objects or materials (including computers and other types of electronic storage media) found therein, at the discretion of his probation officer.

k.      **Sex Offender Registration/Megan's Law/Adam Walsh Act Provision.** The Defendant has been advised, understands and agrees that under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that federal law requires that the Defendant must update his registrations not later than three business days after any change of name, residence, employment, or student status. *See* 42 U.S.C. § 16913(c). State laws may be more restrictive.

The Defendant has been advised and understands that Idaho law requires that such registration be updated with the sheriff of the county within two working days of coming into any county to establish permanent or temporary residence, commencement of employment or enrollment as a student in an educational institution, and provides that non-residents employed in counseling, coaching, teaching, supervising or working with minors in any way, regardless of the period of employment, must register with the sheriff of the county before beginning such employment. *See* I.C. 18-8307 (4)(a)(b). The Defendant understands that failure to comply with

these obligations may subject him to prosecution for, among other things, failure to register under federal law, 18 U.S.C. § 2250, and failure to register under state law. It may also violate his supervised release.

5. **Conditional Use/Derivative Use Immunity.** As a condition of Court-mandated evaluation and treatment, the Defendant will be required truthfully to reveal his entire sexual history, including the possibility of other sexual crimes. Because full disclosure of that history is a necessary component of effective treatment, the Government agrees that the Defendant's admissions during psycho-sexual evaluation and sex offender treatment, to sexual crimes (excluding homicide) previously undisclosed to any law enforcement entity, will not be used against the Defendant in a new criminal prosecution. *See United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005); *Kastigar v. United States*, 406 U.S. 441 (1972). However, the parties agree that this use immunity and derivative use immunity, is expressly conditioned, upon: 1) the Defendant successfully completing sexual deviancy treatment, and 2) the Defendant not materially violating the rules of supervised release, and/or committing a sexual crime or a crime involving the sexual exploitation of children after the date of this agreement. If the Defendant fails to complete all aspects of treatment, or fails to comply with all material supervised release requirements, or reoffends as described above, then this use immunity provision is rescinded and the Government may use Defendant's statements against him.

6. **Downward Departure or Variance Request by Defendant.** Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government of the defendant's intent to seek a downward departure and the defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date set for sentencing.

**V. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255**

A.  __Waiver:__  In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing; further objections are waived.

B.  __Exceptions:__

1.  **Direct Appeal:**  Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

    a.  the sentence imposed by the Court exceeds the statutory maximum;

    b.  the Court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

    c.  the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2.  **Motion Under 28 U.S.C. § 2255:**  Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

VI.  **PROVIDING INFORMATION FOR THE PRESENTENCE REPORT**

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-sentence investigation report, and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this agreement and relieves the Government of its obligations from it. Such failure by the Defendant and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under U.S.S.G. § 3C1.1.

## VII.  DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has had any financial interest. This includes all community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements may constitute failure to accept responsibility under U.S.S.G. § 3E1.1, as well as other things.

The Defendant authorizes the Government: (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## VIII. NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

## IX. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that charge(s) may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea(s) made pursuant to this agreement.

**B.** **Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the Defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## X. MISCELLANEOUS

**A.** **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any Governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate Governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

**B.** **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on January 10, 2020.

## XI. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____          ___02/05/2020___
KASSANDRA MCGRADY                              Date
Assistant United States Attorney

## XII.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

**Plea Agreement**                     21                     Rev. September 2019



Jonathan Schmidt
Defendant

_____1/23/20_____
Date

I have read this agreement and have discussed the contents of the agreement with my client. This document accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the Defendant pursuant to Missouri v. Frye, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

_____
Gerald Bublitz
Attorney for the Defendant

_____1/24/2020_____
Date